UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMEER GHUSAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER WEBB, et al.,<br><br>    Defendants. | Case No.  24-cv-01863-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(B)**<br><br>Re: Dkt. No. 107 |

Plaintiff sues Balfour Beatty Infrastructure, Inc.; Peter Webb; Wayne Richardson; Scott Richards; and U.S. Rail Systems, Inc. ("USRS") "under state and federal laws [for] retaliation, unpaid wages, defamation, interference with prospective economic relations and misappropriation of trade secrets."  (Dkt. No. 74 at 1.)[1]  On June 10, 2025, the Court dismissed several of Plaintiff's claims against Mr. Richards, Mr. Richardson, and USRS ("USRS Defendants"), and granted Plaintiff leave to file an amended complaint by June 26, 2025; otherwise, "the case [would] proceed on the claims not dismissed by this Order."  (Dkt. No. 86 at 21-22.)  Plaintiff did not file an amended complaint.  However, Plaintiff, proceeding without attorney representation, initiated a new case against USRS, Mr. Richards, and others.  *See Ghusain v. Caltrain et al.*, Case No. 25-CV-09670-JSC, Dkt. No. 1 (filed Nov. 10, 2025).

USRS Defendants now move under Federal Rule of Civil Procedure 41(b) to dismiss Plaintiff's already-dismissed claims with prejudice.  (Dkt. No. 107.)  Having carefully considered the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ.

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case No. 24-CV-01863-JSC unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

L.R. 7-1(b), and DENIES USRS Defendants' motion to dismiss.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (citation omitted). However, because "a Rule 41(b) dismissal is deemed a sanction for disobedience," it is "limited to circumstances in which the plaintiff did not . . . give the court notice of intent not to file an amended complaint, . . . but instead simply failed to take any action." *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (cleaned up). As the *Katsch v. JPMorgan Chase Bank, N.A.* court explained:

> Because a Rule 41(b) dismissal is deemed a sanction for disobedience, a district court must take care not to impose such sanction if the plaintiff has made an affirmative choice to allow the prior Rule 12(b)(6) dismissal to ripen into a final, appealable judgment. . . . A plaintiff has the right to simply allow his or her complaint to be dismissed. [] However, in order to exercise that right, the plaintiff must give the court notice of his or her intent not to file an amended complaint. [] If a plaintiff simply fails to take any action in response to dismissal with leave to amend under Rule 12(b)(6), the proper course is to dismiss under Rule 41(b).

No. 14-CV-04730-BLF, 2015 WL 1458159, at *2 (N.D. Cal. Mar. 30, 2015) (citing *Edwards*, 356 F.3d at 1065)). Given Plaintiff's repeated statements he does not intend to amend his complaint "at this time," (Dkt. No. 87 at 8; Dkt. No. 92 at 8), dismissal under Rule 41(b) is not appropriate.

Furthermore, a Rule 41(b) dismissal "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (quotation marks and citation omitted). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors," including:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

2

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), *as amended* (May 22, 1992) (quotation marks and citations omitted). The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors strongly support dismissal." *Yourish*, 191 F.3d at 990 (quotation marks and citation omitted).

Here, as to the first *Ferdik* factor, USRS Defendants' argument "[t]he public's interest in expeditious resolution of litigation always favors dismissal" is not persuasive when the claims at issue have already been dismissed and the case must nevertheless proceed on the remaining claims. *See id.* And the Court's "inherent power to control [its] docket[]"does not alone support imposing dismissal as a sanction. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation marks and citation omitted). As to the third *Ferdik* factor, USRS Defendants argue "[t]he law [] presumes prejudice from unreasonable delay." *Id.* at 1227 (citations omitted). However, after Plaintiff did not file an amended complaint by June 26, 2025, the case proceeded on the remaining claims until the Court stayed the action for other reasons. (Dkt. No. 116.) So, there is no unreasonable delay which would prejudice USRS Defendants. The fourth *Ferdik* factor "strongly counsels against dismissal" unless the plaintiff's "conduct impedes progress" toward a disposition on the merits. *In re Phenylpropanolamine*, 460 F.3d at 1228 (cleaned up). As Plaintiff's decision not to file an amended complaint has not impeded progress toward disposition of this case on its merits, the fourth factor weighs against dismissal.

Ultimately, as to the fifth *Ferdik* factor, courts should first "consider[] the impact of the sanction [of dismissal] and the adequacy of less drastic sanctions." *Id.* (quotation marks and citation omitted). To the extent USRS Defendants seek a final judgment in order to assert *res judicata* against Plaintiff in Case No. 25-CV-09670-JSC, they may move for "entry of a final judgment" as to the dismissed claims. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties [] if the court expressly determines that there is no just reason for delay."). Because such an alternative exists, the fifth *Ferdik* factor weighs against dismissal under Rule 41(b).

3

So, the first, second, and third *Ferdik* factors do not weigh in favor of dismissal, and the fourth and fifth *Ferdik* factors weigh against dismissal.  The Court therefore DENIES USRS Defendants' motion to dismiss Plaintiff's already-dismissed claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

This Order disposes of Docket No. 107.

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

4