United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMEER GHUSAIN,
Plaintiff,

v.

PETER WEBB, et al.,
Defendants.

Case No. 3:24-cv-01863-JSC

**ORDER RE: MOTION TO WITHDRAW AS COUNSEL**

Re: Dkt. No. 131

Presently before the Court is the motion of Seto Wood & Schweickert ("Counsel") to withdraw as counsel of record for Defendant Wayne Richardson. (Dkt. No. 131.)[1] Although Mr. Richardson was served with a copy of the motion, (Dkt. No. 136), he has not filed a response and the deadline to do so has passed, *see* N.D. CAL. CIV. L.R. 7-3(a). Having carefully reviewed the submissions, the Court concludes oral argument is not required, *see* N.D. CAL. CIV. L.R. 7-1(b), and GRANTS the motion.

## DISCUSSION

Under the Court's Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." N.D. CAL. CIV. L.R. 11-5(a); *Dist. Council No. 16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (citations omitted). The Local Rule further provides that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to proceed pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." N.D. CAL. CIV. L.R. 11-5(b).

The decision to permit withdrawal of counsel is within the trial court's discretion. *See*

[1] Record citations are to material in the Electronic Case File ("ECF") unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Courts ruling on motions to withdraw have considered, among other things, "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Riese v. County of Del Norte*, No. 12–cv–03723–WHO, 2013 WL 6056606, at *1 (N.D. Cal. Nov. 4, 2013). In this District, courts also consider the standards of professional conduct required of members of the State Bar of California when determining whether counsel may withdraw representation. *See, e.g.*, *U.A. Local 342 Joint Labor-Mgmt. Comm. v. So. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native Plant Soc'y v. EPA*, No. C 06-3604 PJH, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under California Rule of Professional Conduct 1.16(b)(4), an attorney may request permission to withdraw on the basis of "conduct [that] renders it unreasonably difficult for the lawyer to carry out the representation effectively." CAL. RULE OF PROF. CONDUCT 1.16(b)(4).

The lack of a cooperative relationship between an attorney and her client may justify the attorney's withdrawal. *See, e.g.*, *U.A. Local 342*, 2010 WL 1293522, at *3; *McClintic v. U.S. Postal Serv.*, No. 1:13-cv-00439-LJO-GSA, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw). However, "withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed." *McClintic*, 2014 WL 51151, at *2 (citation omitted).

Here, Counsel has given written notice to Mr. Richardson of its motion to withdraw, (*see* Dkt. No. 136), and it now seeks leave of Court to withdraw as counsel. As grounds for withdrawal, Counsel indicates its "relationship and interactions with Richardson have been both limited and strained, rendering it unreasonably difficult for Counsel to carry out the representation effectively." (Dkt. No. 131 at 3; *see also* Dkt. No. 131-1 ("[I]t is impossible for me to carry out the representation of Richardson.").) Counsel also recounts that Mr. Richardson has not been responsive to calls and emails over the course of several weeks preceding the pending motion.

(*See* Dkt. No. 131-1 ¶¶ 2-4.) Counsel does not provide any further details because of an "inability to divulge attorney-client communications." (*Id.* ¶ 6.)

Here, Mr. Richardson's failure to maintain regular contact with Counsel and the breakdown in the relationship with Counsel constitute good cause for withdrawal. Further, Counsel's withdrawal will not prejudice Plaintiff, harm the administration of justice, or unduly delay the resolution of this case. To the contrary, the case will proceed in a timely manner with Counsel's representation of several other named defendants, starting with responding to Plaintiff's Motion for Leave to File a Third Amended Complaint by December 3, 2026.

Because Counsel's motion was not accompanied by the simultaneous appearance of substitute counsel for Mr. Richardson or Mr. Richardson's agreement to represent himself, Counsel shall continue to be served for forwarding purposes unless and until Mr. Richardson appears by other counsel or representing himself. *See* Civ. L. R. 11-5(b). Counsel shall provide notice to Mr. Richardson of this Order and their obligation to accept service on Mr. Richardson's behalf and shall file proof of service of the same within three days of this Order. *Id.*

## CONCLUSION

For the reasons described above, the Court GRANTS Counsel's motion to withdraw. The Clerk shall amend the docket to indicate that Mr. Richardson is proceeding without attorney representation. His last available address is 804 Cardinal Court, Brentwood, CA 94513.

As Mr. Richardson is now without attorney representation, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Mr. Richardson may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

This Order disposes of Docket No. 131.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge